UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF CROSBY MARINE TRANSPORTATION, L.L.C. AND CROSBY TUGS, L.L.C., AS THE OWNERS AND OWNERS PRO HAC VICE OF THE M/V DELTA DUCK AND HER CARGO, ENGINES,TACKLE, GEAR APPURTENANCES, ETC. *IN REM*; AND BERTUCCI CONTRACTING COMPANY, LLC AS THE OWNERS AND OWNERS PRO HAC VICE OF THE BARGE BBL 708 AND HER CARGO, ENGINES,TACKLE, GEAR APPURTENANCES, ETC. *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABLITY | DOCKET NO._____<br><br>SECTION _____<br><br>**Admiralty – Rule 9(h)** |

**COMPLAINT AND PETITION OF
CROSBY MARINE TRANSPOTATION, LLC, CROSBY TUGS, LLC,
AND BERTUCCI CONTRACTING COMPANY, LLC FOR
<u>EXONERATION FROM OR ALTERNATIVELY LIMITATION OF LIABILITY</u>**

TO THE HONORABLE JUDGES OF SAID COURT:

NOW INTO COURT, by and through their undersigned counsel, come Crosby Marine Transportation, L.L.C. and Crosby Tugs, L.L.C. (collectively "Crosby") as owners and owners *pro hac vice* of the M/V DELTA DUCK, her cargo, engines, tackle, gear, appurtenances, etc. *in rem*; and Bertucci Contracting Company, L.L.C. ("Bertucci") as owner and owner *pro hac vice* of the Barge BBL 708, her cargo, engines, tackle, gear, appurtenances, etc. *in rem* in a cause of exoneration from and/or limitation of liability, civil and maritime, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and 46 U.S.C. 30501 *et seq.*, and in support thereof show as follows:

1.

This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333, and is filed pursuant to Rule 9(h) of the Federal Rules of Civil Procedure, Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and all as hereinafter more fully appears.

2.

Crosby Marine Transportation, L.L.C. is and, at all material times hereinafter mentioned, was a Louisiana Limited Liability Company with its principal place of business in this District. Crosby Marine Transportation, L.L.C. was at all material times hereto the owner of the M/V DELTA DUCK.

3.

Crosby Tugs, L.L.C. is and, at all material times hereinafter mentioned, was a Louisiana Limited Liability Company with its principal place of business in this District. Crosby Tugs, L.L.C. was at all times material hereto the owner *pro hac vice* of the M/V DELTA DUCK.

4.

The M/V DELTA DUCK is a steel-hulled towing vessel operating on the navigable waters of the United States, bearing official number 530218. Her dimensions are approximately 58.5 feet in length, 22 feet in breadth, and 9 feet in depth. Prior to and at all times hereinafter described, Crosby exercised due diligence to make and maintain the M/V DELTA DUCK in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable engines, machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

5.

Bertucci Contracting Company, L.L.C. is and, at all material times hereinafter mentioned, was a Louisiana Limited Liability Company with its principal place of business in this District. Bertucci Contracting Company, L.L.C. was at all material times hereto the owner and owner *pro hac vice* of the Barge BBL 708.

6.

The Barge BBL 708 is a barge operating on the navigable waters of the United States, bearing official number 1195769. Her dimensions are approximately 200 feet in length, 35 feet in breadth, and 10.6 feet in depth. Prior to and at all times hereinafter described, Bertucci exercised due diligence to make and maintain the Barge BBL 708 in all respects seaworthy, and at all times material hereto she was, in fact, tight, staunch, strong, properly and efficiently manned, supplied, equipped and furnished, and well and sufficiently fitted with suitable machinery, gear, tackle, apparel, appliances, and furniture, all in good order and condition and suitable for the service in which the vessel was engaged.

7.

On information and belief, as of the filing of the instant Complaint, the M/V DELTA DUCK and the Barge BBL 708 have not been attached or arrested in connection with the voyage at issue, and no suits and/or claims have been filed against Crosby and Bertucci arising out of the voyage at issue.

Accordingly, venue is proper in this District under Rule F(9), Supplemental Rules for Certain Admiralty and Maritime Claims, based on the fact that the vessel has not been attached or arrested, no suit has been commenced and the vessel is not located in any district.

8.

On or about November 19, 2017, the M/V DELTA DUCK and the Barge BBL 708 were engaged in their customary commercial practice of navigating the navigable waters of the United States and were lawfully moored against the bank of Bayou Segnette properly marked and lit, when a recreational vessel negligently struck the Barge BBL 708 resulting in a fatality.

9.

Any and all injuries, damages, and/or losses, allegedly sustained by any person and/or entity were not caused or contributed to by any fault, negligence or lack of due care on the part of Crosby or Bertucci or unseaworthiness or fault of the M/V DELTA DUCK or the Barge BBL 708, or any person in charge of them, or any person for whom Crosby or Bertucci were or are responsible. Crosby and Bertucci reserve the right to amend and/or supplement this paragraph of the Complaint and Petition to specify further the faults and negligence, if any, surrounding the above-described events when the facts surrounding the accident become fully known, and to prove them at the trial of this cause.

10.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the design or neglect of Crosby or Bertucci, or anyone for whom Crosby or Bertucci are or at any material time were responsible.

11.

The above-described injury, damages and/or losses, if any, and which are in all respects denied, were done, occasioned and incurred without the privity or knowledge of Crosby, Bertucci, the M/V DELTA DUCK's master, or Crosby's or Bertucci's superintendent or management personnel.

12.

There are no demands, unsatisfied liens or claims of liens, in contract or in tort, arising from the aforementioned voyage of the M/V DELTA DUCK or Barge BBL 708, so far as known to Crosby and Bertucci.

13.

The voyage upon which the aforesaid allegations of injury, damages and/or losses occurred and on which the claims and demands sought to be limited began on or about November 19, 2017 and ended that same day, and occurred in the navigable waters of the state of Louisiana.

14.

The entire aggregate amount or value of Crosby's interest in the M/V DELTA DUCK and her then pending freight at the end of the above-described voyage does not exceed the sum of US$300,000.

15.

The entire aggregate amount or value of Bertucci's interest in the Barge BBL 708 and her then pending freight at the end of the above-described voyage does not exceed the sum of US$375,000.

16.

The amount of the claims which are reasonably anticipated to arise from the events in question, exceed the amount and value of Crosby's interest in the M/V DELTA DUCK immediately after the events in question and at the time of the termination of the voyage, and in her then pending freight.

17.

The amount of the claims which are reasonably anticipated to arise from the events in question, exceed the amount and value of Bertucci's interest in the Barge BBL 708 immediately after the events in question and at the time of the termination of the voyage, and in her then pending freight.

18.

Crosby and Bertucci desire to contest any liability of themselves and the M/V DELTA DUCK and the Barge BBL 708 for the injuries, damages and/or other losses allegedly sustained by those affected by the events in question, and for any and all losses and damages, if any, which occurred during the voyage in question.  Crosby and Bertucci further claim exoneration from or limitation of liability for any loss, injuries, and damages sustained by those affected, and for the claims that have been made and those claims which hereafter may be made by any other person, firm, corporation or other entity.  Crosby and Bertucci allege that they have valid defenses on the facts and on the law to the claims of any present and/or future claimant.  Crosby and Bertucci, without admitting but affirmatively denying all liability, further claim the benefit of Limitation of Liability as provided in Chapter 305 of Title 46 of the United States Code, as well as Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, and any and all Acts of Congress of the United States amendatory thereof or supplementary thereto, and the rules of practice of this Honorable Court and of the Supreme Court of the United States.

19.

While not in any way admitting that Crosby and Bertucci are under any liability for the alleged injury, damages and/or losses allegedly occurring as described above, Crosby and

Bertucci hereby claim and reserve the right to contest in this or any other Court any liability therefor, either of Crosby, Bertucci, the M/V DELTA DUCK or of the Barge BBL 708, and Crosby and Bertucci claim and are entitled to have their liability, if any, limited to the amount or value of their interest as aforesaid in the M/V DELTA DUCK and the Barge BBL 708 following the events in question, in addition to her freight then pending.

20.

Crosby and Bertucci are ready and willing to give a Stipulation of Value with sufficient surety for the payment into the Court's registry of the amount or value of their respective interest in the M/V DELTA DUCK and the Barge BBL 708 and their then pending freight following the events in question, whenever the same shall be ordered as provided in the applicable statutes and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and by the rules and practices of this Honorable Court and subject to such Orders as the Court may direct.

21.

Crosby and Bertucci hereby offer their combined *ad interim* stipulation with surety in the amount of $675,000 representing the value of Crosby's interest in the M/V DELTA DUCK and her then pending freight, at the time of the occurrence in question, along with Bertucci's interest in the Barge BBL 708, and her then pending freight, and interest at the rate of 6% per annum. The combined *ad interim* stipulation is to stand in the place of a Stipulation for Value if the amount thereof is not contested by any Claimant herein.  Crosby and Bertucci stand ready and agree to comply with any other Order of the Court provided for in Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure with respect to

additional security which the Court may from time to time fix as necessary to carry out the provisions of the Limitation of Liability statutes as amended.

22.

If it later appears that Crosby and Bertucci are or may be liable and the amount or value of their respective interest in the M/V DELTA DUCK and the Barge BBL 708 and their then pending freight, as aforesaid, is not sufficient to pay all losses in full, then claimant(s) shall share pro rata in the aforesaid sum, saving to claimant(s) any rights to priority he or they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, including the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this Honorable Court herein.

23.

Crosby and Bertucci would show that they have received correspondence regarding multiple claimants, but that no party or parties have given notice of suit to Crosby or Bertucci concerning the voyage in question.

24.

This Honorable Court has cognizance of this proceeding and this is the proper Court and District in which to file this Complaint and Petition as provided by Supplemental Rule F for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

25.

All and singular the premises are true and within the Admiralty and Maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Crosby and Bertucci pray:

(A)   That the Court issue an Order approving the combined *Ad Interim* Stipulation with proper security for the payment into Court of the value of Crosby's and Bertucci's respective interest in the vessels and their then pending freight at the termination of the voyage in question as set forth herein, whenever the same shall be determined and ordered by the Court, in addition to costs of Court and interest at the rate of 6% per annum, and that the Court order such increases and decreases in such stipulation as the Court may from time to time deem proper;

(B)   That the Court make an Order directing the issuance of a Monition to all persons, firms, corporations or other entities who might have any claim arising out of the voyage in question of the M/V DELTA DUCK and the Barge BBL 708, citing them to file their claims with the Clerk of this Court and to serve a copy of said claims upon the attorneys for Crosby and Bertucci on or before the time fixed by the Court in the Monition or be forever barred and permanently enjoined from making and filing any such claims, to make due proof of their respective claims before this Court as the Court may later direct, and also to appear and answer the allegations of this Complaint and Petition at or before a certain time to be fixed by the Monition;

(C)   That an Injunction shall issue restraining the prosecution of all suits, actions and proceedings already begun to recover for damages sustained, arising out of, or resulting from the above-described events and restraining the commencement or prosecution hereafter of any suit, action or legal proceedings of any nature or description whatsoever, except in the present proceedings, against Crosby and Bertucci, the M/V DELTA DUCK *in rem*, the Barge BBL 708 *in rem*, their agents

or representatives or any other person whatsoever for whom Crosby or Bertucci may be responsible in respect of any claim or claims arising out of the aforesaid voyage of the M/V DELTA DUCK and the Barge BBL 708;

(D) That the Court in this proceeding adjudge:

(i) That Crosby and Bertucci are not liable to any extent for any loss, injuries or damages of any party in any way arising out of, during, or consequent upon the aforesaid occurrence(s) or voyage of the M/V DELTA DUCK and Barge BBL 708, and that therefore those vessels, Crosby and Bertucci are exonerated from any and all liability which has been or may be claimed as a result of the events in question; or,

(ii) Alternatively, if Crosby or Bertucci shall be adjudged liable, then that such liability be limited to the amount or value of their respective interest in the M/V DELTA DUCK and the Barge BBL 708, their engines, tackle, gear, and apparel, and her then pending freight for the voyage in which the vessel was engaged at the time of the events in question, and that the money paid or secured to be paid as aforesaid be divided pro rata among such claimants as they may duly prove their claims before this Court, saving to all parties any priorities to which they may be legally entitled, and that a decree may be entered discharging Crosby and Bertucci from all further liability.

(E) That Crosby and Bertucci have such other and further relief, both at admiralty and in equity, to which they may show themselves to be justly entitled.

Respectfully submitted:

*/s/ Miles P. Clements*
Miles P. Clements, T.A. (LA 4184)
Joseph E. Lee III (LA 26968)
Brandon K. Thibodeaux (LA 32725)
Frilot L.L.C.
1100 Poydras Street, Suite 3700
New Orleans, Louisiana  70163-3700
Telephone:	504-599-8000
Facsimile:	504-599-8100
E-Mail:	mclements@frilot.com
	jlee@frilot.com
	bthibodeaux@frilot.com

ATTORNEYS FOR PETITIONERS-IN-LIMITATION CROSBY MARINE TRANSPOTATION, LLC, CROSBY TUGS, LLC, AND BERTUCCI CONTRACTING COMPANY, LLC