UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF CROSBY MARINE                CIVIL ACTION
TRANSPORTATION, LLC, ET AL.

                                              NO:    17-14023

                                              SECTION: "E" (4)

ORDER

Before the Court is a **Motion to Compel and for Sanctions and Contempt (R. Doc. 28)** filed by Claimants Kathy Randle and Anna Clark. These Claimants seek an order compelling Non-Party Gulf Coast Marine, LLC ("GCM") to produce subpoenaed documents as well as sanctions in the form of costs, attorney's fees, and a finding of contempt. The motion is opposed. R. Doc. 34. A reply was filed as well. R. Doc. 37. Claimants then sought leave to file a supplemental reply, which was granted. R. Doc. 46. Oral argument was heard on May 16, 2018.

### I.    Background

The instant litigation was originally filed by Crosby Marine Transportation, LLC, Crosby Tugs, LLC, and Bertucci Contracting Company, LLC, as a limitation of liability action pursuant to Rule 9(h) of the Federal Rules of Civil Procedure. R. Doc. 1. On November 19, 2017, the M/V DELTA DUCK and Barge BBL 708 were moored against the bank of Bayou Segnette when a collision occurred between a recreational fishing vessel and the barge, resulting in a fatality. *Id.* Claimants contend that they were traveling to a camp located on Tar Paper Canal on Bayou Segnette when an allission occurred and which was caused by the Petitioners operation of the M/V DELTA DUCK and Barge BBL 708 without adequate lighting and adequate mooring such that navigation was impeded and a dangerous condition was created for approaching watercraft. R. Docs. 7, 8, 11. It is further alleged that the operator of the recreational fishing boat was under the influence of alcohol

and operating that vessel negligently. R. Docs. 8, 24, 27. Petitioners also allege that the recreational fishing vessel was not kept in a safe and seaworthy condition. R. Docs. 24, 25, 26, 27.

The instant motion was filed by Claimants Randle and Clark seeking an order compelling non-party Gulf Coast Marine, LLC ("GCM") to produce subpoenaed documents as well as for sanctions and a finding of contempt. R. Doc. 28. In opposition, GCM contends that the information sought has been provided and the subpoena is premature. R. Doc. 34. In reply, the Claimants contend that in response to any argument regarding prematurity, the Rule 26(f) conference requirement was waived by because GCM's counsel is the same as the Petitioners' counsel who had also previously served subpoenas. R. Docs. 35. 46.

## II.  Standard of Review

Federal Rule of Civil Procedure ("Rule") 45 governs subpoenas. Rule 45(g) states that "the court for the district where compliance is required...may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g).

Rule 26 governs the general provisions of discovery. Under Rule 26(d) a party may not seek discovery "from any source before the parties have conferred as required by Rule 26(f), except in proceedings exempted from initial disclosures under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1).

Rule 26(f) requires that the parties must "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1)

## III.  Analysis

In order to best analyze and provide a basis for its decision, the Court lays out the factual background that gave rise to the instant motion. The Court notes the lack of straightforward

communication between attorneys in this matter led to entirely unnecessary motion practice that could have been easily avoided with a phone call.

Claimants indicate that they sought to bring in the insurers directly in the matter. Claimants counsel indicated that he asked for the names of the insurers and Petitioners' counsel asked for an interrogatory request. Claimants, thereafter, sent the interrogatory and Petitioners responded. Petitioners state that they received the interrogatory request, but at no point did they stipulate or that they waived their rights under Rule 26 regarding discovery. Petitioners also state that this information was also sent without objection and prior to the thirty days allowed to respond under Rule 33. However, Claimants state that the response was missing information because it did not break down Lloyd's of London's percentage of coverage by each of the syndicates. Claimants counsel stated that he then sent a follow-up communication asking for the remainder of the information, which was who the remaining insurers were with respect to the policies. However, Claimants counsel states that he received no follow-up.

Claimants' counsel then states he sent a subpoena to non-party Gulf Coast Marine on the belief that it was either the agent or the broker for the Petitioners. Claimants' counsel states that pursuant to the Federal Rules, he provided a notice and copy of the subpoena to the parties prior to service on GCM and once again heard nothing from the Petitioners or GCM. Further, Claimants argue that they heard no objection to the subpoena being premature. Claimants contend that three weeks prior to the issuance of their subpoena the Petitioners in this matter issued eight (8) subpoenas as well.

Petitioners state that they produced the requested information after receiving several emails from Claimants directing them to the subpoena and produced this infomration on March 20, 2018. Further, on that date Petitioners state they sent an email to both Claimants and non-party GCM indicating that Petitioners believed that this mooted the subpoena to GCM. At that time Petitioners were represented by Frilot, L.L.C. ("Frilot").

Claimants indicate, however, the request was not satisfied. After the date of compliance on the subpoena had passed, Claimants contacted Petitioners' counsel but received no response regarding the additional insurers. Claimants indicate that they filed the motion to compel non-party GCM to provide the syndicate insurers and for sanctions and contempt as a result of the failure to obtain that information via subpoena. Further, Claimants argued that while Federal Rule of Civil Procedure 26 prohibits discovery prior to a Rule 26(f) conference, that requirement was waived when the Petitioners issued their own subpoenas. GCM was not represented in this matter until April 10, 2018 when the motion to compel was filed by the Claimants. GCM retained Frilot. During oral argument, Claimants' counsel indicated the information sought regarding the Lloyd's syndicates was ultimately produced.

To the extent that Claimants sought to compel non-party GCM to produce the information of the Lloyd's syndicates in this matter the motion became moot when the information was provided. Further, a review of the record indicates that prior to oral argument on the motion Claimants clearly had that information as they requested summons for thirty-eight (38) syndicates or insurance companies. R. Doc. 52. As such, the portion of the motion seeking information was moot at the hearing.

All that remains of the motion at hearing was whether non-party GCM can and should be held in contempt for failing to respond to a subpoena and whether the Petitioners' issuance of earlier subpoenas somehow constituted a waiver of Rule 26's requirement that no discovery may be sought from any source until the parties conduct a Rule 26(f) conference.

Petitioners contend that at no point did they waive their rights and that counsel used his professional discretion to agree to give to Claimants the names of the insurers in the matter. Further, Petitioners argue that to the extent that it took some time to provide that information there is no prejudice to Claimants as no Rule 26(f) conference has occurred and is premature as new parties are being brought in and that no deadlines or dates have been set as of the time of the hearing.

GCM argues first that the motion is deficient in that no Rule 37 conference had occurred between GCM and Claimants prior to the filing of this instant motion. GCM states that Rule 37 requires an attempt in good faith to resolve a discovery dispute prior to the filing the motion to compel and that while Frilot did represent GCM after April 10, 2018, at the time the motion to compel was filed Frilot did not represent GCM and therefore any communications regarding missing information with Frilot with respect to Petitioners cannot be imputed to GCM. Because GCM was never properly contacted by Claimants the motion should be denied as deficient. In response, Claimants argue that Rule 37 is only required between parties and because GCM is not a party no Rule 37 was actually required.

GCM also argues that the Rule 45 requirements of the notice to parties to a suit prior to service of a subpoena was not met by Claimants because Petitioners were not actually given notice of the subpoena until shortly after it was served upon non-party GCM, and had the notice been given prior the subpoena would have been unnecessary because Petitioners, not GCM, ultimately provided the information requested in the subpoena.

The Court finds, and neither the movants nor opposition dispute, that: (1) no Rule 26(f) conference has been held; and (2) no Rule 16 conference or scheduling order has been issued. A party *may not* seek discovery from *any source* before the parties conferred as required by Rule 26(f) unless there is a stipulation or court order. Fed. R. Civ. P. 26(d).

Claimants sought discovery prior to the Rule 26(f) conference from the Petitioners. Petitioners provided some information by interrogatory and some but not all information that was sought by Claimants was produced by Petitioners, who were represented by Frilot. Due to a failure to effectively communicate between these parties, Claimants eventually issued a subpoena to non-party GCM in an attempt to get the information they desired with respect to the Lloyd's syndicates so suit could be

filed under the direct action statute. After the compliance date of the subpoena passed, Claimants filed this motion and were ultimately provided the information.

To the extent that Petitioners could be found to have stipulated to discovery before the Rule 26(f) conference, the Court cannot impute that to GCM because GCM was not represented by Frilot at the time the interrogatory request was sent by Claimants. In addition, Rule 26(d) does not contain a statement about waiver, nor do Claimants provide case law supporting that argument. However, what Claimants allege may have been a "waiver" of Rule 26(d)'s requirements by answering the interrogatory or Petitioners issuing its own subpoenas once again should not be imputed to GCM as they were not represented by Frilot until April 10, 2018, and all actions which Claimants suggest constituted some sort of waiver of Rule 26(d) occurred before Frilot's representation of GCM. However, the Court is not required to address the waiver issue as Rule 26(d)'s plain language covers this motion.

As noted, had both Claimants and Petitioners adhered to the requirement that parties cannot seek discovery from any source prior to the Rule 26(f) conference the entirety of the motion practice could have been avoided. The plain language of the Rule indicates that GCM had no obligation to respond to a subpoena issued as part of this litigation as the subpoena was issued prior to any Rule 26(f) conference. During oral argument Claimants counsel conceded that the syndicate information had been produced and summons was requested for those entities. Therefore, the motion to compel is moot. The Court will not order sanctions and contempt against GCM when the Federal Rules specifically do not allow for this sort of pre-Rule 26(f) conference discovery absent stipulation or Court order, which the Court does not find here with respect to GCM.

Claimants also had a vehicle available to conduct early discovery in the matter, namely a motion before this Court supported by good cause, for the issuance of a subpoena on GMC prior to a Rule 26(f) conference, however, that process was not followed either. *See Estelle v. FMC*

*Technologies*, Civil Action No. 07-01559, 2007 WL 3231542 (E.D. La. Oct. 29, 2007) ("[t]he Plaintiff violated Rule 26(d) by propounding discovery before a Rule 26(f) conference and now, after the fact, attempts to seek relief. The Plaintiff should have appropriately sought relief before unilaterally serving the Defendants with his discovery inquiries.").

The Court, therefore, denies the motion to compel and for sanctions and contempt.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Compel and for Sanctions and Contempt (R. Doc. 28)** is **DENIED.**

New Orleans, Louisiana, this 17th day of August 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**