UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IN THE MATTER OF CROSBY MARINE TRANSPORTATION, L.L.C. AND CROSBY TUGS, L.L.., AS THE VICE OF THE M/V DELTA DUCK AND HER CARGO, ENGINES, TACKLE, GEAR APPURTENANCES, ETC. I**_IN REM_**; AND BERTUCCI CONTRACTING COMPANY, LLC AS TH EOWNERS AND OWNERS PRO HAC VICE OF THE BARGE BBL 708 AND HER CARGO ENGINES, TACKLE GEAR APPURTENANCES, ETC.   *IN REM* PETITIONING FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY** | **CIVIL ACTION: 17-14023**<br>**C/W 18-01436**<br><br>**Admiralty-Rule 9(h)**<br><br><br><br><br><br><br><br>**SECTION: "M" (4)** |

### ORDER

Before the Court is a **Motion for Leave to File Third Party Complaint and Rule 1 ( C )Tender (Rec. doc. 173)** filed by the Petitioners, Crosby Marine Transportation, L.L.C. and Crosby Tugs, L.L.C. ( collectively "Crosby") as owners and owners *pro hac vice* of the M/V/ DELTA DUCK, her cargo engines, tackle, gear, appurtenances, etc. *in rem* and Bertucci Contracting Company, L.L.C. ("Bertucci") as owner and owner *pro hac vice* of the DREDGE 7 AND DREDGE 8, and their cargo, engines, tackle, gear, appurtenances, et. *in rem*, Chris Carter ("Carter"), and Defendant Derek Hebert ("Herbert") (collectively "Third Party Plaintiffs") and respectfully moved for leave of Court to file their Third-Party Complaint and Rule 14( c) Tender against Third party Defendants, Tracker Marine Group; Tracker Marine, L.L.C.; White River Marine Group; Tracker Marine Retail, L.L.C.; Kenner Manufacturing Co., Inc.; ABC Boat Manufacturer; DEF Boat Dealer; and GHI Insurance Company ( collectively the "Third Party Defendants").

    **I.**       **Background**

This matter arises out of a collision between a recreational speedboat that struck a stationary barge in the tow of the M/V DELTA DUCK on Bayou Segnette in Jefferson Parish. Third Party Plaintiffs owned

the tug and barge (Crosby and Bertucci), the Master and Mate of the tug (Carter and Hebert) and a related company that had no vessels in the area of the allision but who is also sued by the claimants (Crosby Dredging).

Chad Williams, the driver of the speedboat according to the Jefferson Parish Sheriff's Office wa well over the legal limit for alcohol consumption at the time of the incident. Williams was thereafter charged with one count of vehicular homicide and two counts of negligent vehicular injury. The Louisiana Department of Wildlife and Fisheries (LDWF) investigated the incident and while it also determined that Williams was intoxicated , it also concluded that the configuration of a navigation light aboard the 24-foot Kenner Fishmaster speedboat may have partially blinded him and obscured his ability to see what was ahead of him of the Bayou Segnette. As a result, now seeks to file a Third-Party demand against the manufacturer and dealers of the Fishmaster who are allegedly responsible because of the alleged product defect or redhibitory defect of the navigation light and its role in causing the allision.

Crosby indicates that BIS services, LLC, Huggins and the insurer defendants have consented to the filing of the Third-Party Complain. Claimants the Randle, Clark, Toups and Williams have neither objected nor consented. Crosby also points out that there is no Scheduling Order in place in these consolidated limitation proceedings and the deadline for filing claims in the Claude Toups limitation proceeding has not yet passed.

II. **<u>Analysis</u>**

Fed.R.Civ.P. 14(c) was designed to expedite and consolidate admiralty actions by permitting a third-party plaintiff to demand judgment against a third party defendant in favor of the plaintiff. As a consequence, the plaintiff is then required to assert his claims directly against the third-party defendant. This liberal joinder policy serves to reduce the possibility of inconsistent results in separate actions, eliminate redundant litigation, and prevent a third party's disappearance if jurisdiction and control over the party and his assets were not immediately established. See *Texaco Exploration and Production Company v. AmClyde Engineered Products Company, Inc*., 243 F.3d 906, 910 (5th Cir.2001). This concept is unique

to admiralty practice, and is distinguishable from Rule 14(a), which does not automatically establish a direct link between the plaintiff and the third party defendant. Rule 14(c) provides:

> Admiralty and Maritime Claims. When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(b)(i), as a third-party plaintiff, may bring a third-party defendant who may be wholly or partly liable, either to the plaintiff or to the third-party plaintiff, by way of remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences. In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

The purpose of Rule 14 is to bring in "third-parties who are derivatively liable to the impleading party. *Vinmar Overseas, Ltd. V. OceanConnect, LLC,* 2012 WL 5989206, at *3 ( S.D. Tex. Nov. 29, 2012 ) ( citing *Hassan v. La. Dep't of Transp. & Dev.,* 1999 WL 642861, at. *2 ( 5th Cir. July 26, 1999).

In considering a request to file a third-party demand, the Court is granted with wide discretion to permit third-party claims. *Mc Donald v. Union Carbide Corp.,* 734 F.2d 182, 184 (5th Cir. 1984). Several courts have enumerated factors to consider when determining whether to allow a third-party complaint: (1) the prejudice placed on the other parties; (2) undue delay caused by adding the third-party plaintiff; (3) lack of substance to the third-party claim; and (4) whether the third-party claim advances the purposes of Rule 14, such as avoiding duplicative suits on closely related issues. [1]

In the subject case, according to the proposed third-party complaint, Kenner Manufacturing was the manufacturer of the Fishmaster which allegedly had a design defect in the lighting which obstructed the view of Chad Williams at the time of the incident. Rec. doc. 173-3, ¶23 The proposed demand also seeks to assert a failure to warn claim and a breach of the warranty against redhibitory defect claim. Rec. doc. 173-3, ¶27, 31. As a result, the third-party plaintiffs contend that the manufacture and distributor is partially or wholly responsible for the incident pursuant to the Louisiana Products Liability Act, La. Rev. Stat. 9:2800.51 *et. seq.* (the "LPLA"). Given that there is no scheduling order in the case, no discovery has been

---

[1] Cedar Ridge, LLC v. Landmark Am. Ins. Co., No. 13–672, 2014 WL 68792, at *2 (E.D.La. Jan. 8, 2014); Vinmar, 2012 WL 5989206, at *3; Briones v. Smith Dairy Queens, Ltd., No. 08–48, 2008 WL 4200931, at *2 (S.D.Tex. Sept. 9, 2008).

conducted and that the claim appears potentially viable, the Court finds that the factors have been met. Having considered the proposed allegations in the complaint, the factors as described above, the court finds that leave to file the third-party complaint under rule 14 (C) is **GRANTED**.

**IT IS ORDERED** that the **Motion for Leave to File Third Party Complaint and Rule 14 (C ) (R. Doc. #173)** filed by Crosby against Third party Defendants, Tracker Marine Group; Tracker Marine, L.L.C.; White River Marine Group; Tracker Marine Retail, L.L.C.; Kenner Manufacturing Co., Inc.; ABC Boat Manufacturer; DEF Boat Dealer; and GHI Insurance Company ( collectively the "Third Party Defendants") is **GRANTED.**

New Orleans, Louisiana, this 20th day of December 2018

**KAREN WELLS ROBY
CHIEF UNITED STATES MAGISTRATE JUDGE**