UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF CROSBY MARINE TRANSPORTATION, LLC, ET AL | CIVIL ACTION<br><br>NO. 17-14023<br>c/w 18-04136<br><br>SECTION: M (4)<br>*Pertains to all cases* |

## ORDER & REASONS

Before the Court is a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, motion for more definite statement under Rule 12(e) filed by third-party defendants Tracker Marine, LLC, Tracker Marine Group, White River Marine Group, Tracker Marine Retail, LLC, and Kenner Manufacturing Co. (collectively, "Third-Party Defendants").[1] Third-party plaintiffs Crosby Marine Transportation, LLC ("Crosby Marine"), Crosby Tugs, LLC ("Crosby Tugs"), Bertucci Contracting Company, LLC ("Bertucci"), Crosby Dredging, LLC, Chris Carter, and Derek Hebert (collectively, "Third-Party Plaintiffs") filed a memorandum in opposition,[2] and Third-Party Defendants filed a reply in further support of the motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons.

**I. BACKGROUND**

This matter concerns a maritime accident. Crosby Marine and Crosby Tugs were the owner and owner *pro hac vice*, respectively, of the *M/V Delta Duck* ("*Delta Duck*"), a towing vessel.[4] On November 19, 2017, the *Delta Duck*, along with its tow, *Barge BBL 798*, which was owned by

---
[1] R. Doc. 178.
[2] R. Doc. 179.
[3] R. Doc. 183.
[4] R. Doc. 1 at 2.

Bertucci, was moored against the bank of Bayou Segnette in Jefferson Parish, Louisiana, when they were struck by a recreational vessel.[5] One passenger of the recreational vessel died, and others were injured.[6]

Crosby Marine, Crosby Tugs, and Bertucci filed this action seeking limitation of, and exoneration from, liability for the November 19, 2017 accident.[7] They allege that the accident was caused by the negligence of the recreational vessel's driver, who was intoxicated at the time of the accident and operating the vessel in a careless or reckless manner at an excessive speed.[8]

The Louisiana Department of Wildlife and Fisheries ("LDWF") investigated the accident and determined that the configuration of the navigation light aboard the recreational vessel may have obscured the driver's vision and contributed to the accident.[9] As a result, Third-Party Plaintiffs filed their third-party complaint against the manufacturers and seller of the recreational vessel, along with their respective insurers, raising claims under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.51, *et seq.*, and for negligence and redhibition.[10] The Third-Party Plaintiffs tendered their defense to the Third-Party Defendants, and tendered the Third-Party Defendants to claimants as original defendants pursuant to Rule 14(c) of the Federal Rules of Civil Procedure.[11]

---

[5] *Id.* at 3-4.
[6] R. Doc. 179 at 2-3.
[7] R. Doc. 1 at 1. The procedural history of this case is rather complicated and involves claims made in limitation, the addition of other defendants, the consolidation of a related limitation of liability proceeding filed by the owner of the recreational vessel and the claims made therein, and various crossclaims and third-party complaints. Most of this history is not relevant to the motion before the Court; thus, it will not be discussed.
[8] *Id.* at 4; R. Doc. 179 at 3.
[9] R. Doc. 179 at 3.
[10] R. Doc. 176.
[11] *Id.* at 9-10. Pursuant to Rule 14(c), when the plaintiff has an admiralty or maritime claim under Rule 9(h), the defendant may "bring in a third-party defendant who may be wholly or partially liabile – either to the plaintiff or to the third-party plaintiff – for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 14(c). If the third-party plaintiff demands "judgment in the plaintiff's favor against the third-party defendant … the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." *Id.*

## II. PENDING MOTION

Third-Party Defendants filed the instant motion to dismiss arguing that Third-Party Plaintiffs' complaint is insufficient to state an LPLA claim because it does not allege any facts supporting such a claim.[12] They also contend that Third-Party Plaintiffs cannot maintain a negligence cause of action because the LPLA is the exclusive remedy against product manufacturers.[13] Further, Third-Party Defendants argue that Third-Party Plaintiffs cannot bring a claim for redhibition because they did not purchase the recreational vessel in question, and only the purchaser has such a cause of action.[14] Alternatively, Third-Party Defendants move for a more definite statement under Rule 12(e) requiring Third-Party Plaintiffs to allege facts to support their claims.[15]

Third-Party Plaintiffs oppose the motion arguing that their complaint adequately informed Third-Party Defendants of the LPLA claim against them by alleging:

23.

> To the extent not caused solely by the negligence and intoxication of Chad Williams, the above-described injuries, damages and/or losses, if any, were caused, either entirely and/or in part, by a design defect in the lighting on the Fishmaster that obstructed the view of Chad Williams who was operating the vessel at all relevant times. The Fishmaster Manufacturers are responsible for this design defect.[16]

Third-Party Plaintiffs argue that this allegation identifies their theory of recovery, which "is that the Third Party Defendants may be liable to the extent that they designed a vessel configuration

---

[12] R. Doc. 178-1 at 4.
[13] *Id.* at 5-6.
[14] *Id.* at 6-7.
[15] *Id.* at 7-9. Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). If the party does not file the more definite statement "within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." *Id.*
[16] R. Docs. 179 at 3; 176 at 5.

that allows the operator to be blinded by the required navigation light and failed to give any warning of this eventuality."[17] They also argue that Third-Party Defendants could be liable for the defect in the design of the vessel as to placement of the lighting, "failure to employ an available alternate design (namely placement of the all-around white light at the stern), and failure to warn the end user of the vessel of the possibility that the center console light could cause night blindness."[18] Further, Third-Party Plaintiffs argue that Third-Party Defendants have had access to the record, discovery, and the allegedly defective vessel, and are thus "fully aware of the basis of the claims asserted against them."[19] Third-Party Plaintiffs ask that, in the event that the Court finds their third-party complaint deficient, they be allowed to amend their third-party complaint to allege more fully additional facts.[20] As to the redhibition claim, Third-Party Plaintiffs acknowledge that it is not their claim, but that they have tendered the claim to the owner of the recreational vessel, Claude Toups ("Toups"), pursuant to Rule 14(c).[21]

## III. ANALYSIS

### A. Rule 12(b)(6) Standard

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The statement of the claim must

---

[17] R. Doc. 179 at 5.
[18] *Id.* at 6.
[19] *Id*. at 6-7.
[20] *Id.* at 7.
[21] *Id.* at 7-8. Third-Party Plaintiffs do not address the negligence claim. The LPLA provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. Thus, any negligence claim under Louisiana law asserted by the Third-Party Plaintiffs against the Third-Party Defendants would be subsumed by the LPLA, and is therefore DISMISSED WITH PREJUDICE.

4

"'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A pleading does not comply with Rule 8 if it offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555-57).

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a party to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on the face of the complaint "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Plausibility does not equate to probability, but rather "it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Thus, if the facts pleaded in the complaint "do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court employs the two-pronged approach utilized in *Twombly*. The court "can choose to begin by identifying pleadings that, because they are no more than conclusions [unsupported by factual allegations], are not entitled to the assumption of truth." *Id.* However, "[w]hen there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* Motions to dismiss are disfavored and rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

A court's review of a Rule 12(b)(6) motion to dismiss "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). A court may also take judicial notice of certain matters, including public records and government websites. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2007); *see also Kitty Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005). Thus, in weighing a Rule 12(b)(6) motion, district courts primarily look to the allegations found in the complaint, but courts may also consider "documents incorporated into the complaint by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Meyers v. Textron, Inc.*, 540 F. App'x 408, 409 (5th Cir. 2013) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

### B. The LPLA

The LPLA prescribes "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. Under the LPLA, a plaintiff may only recover against a manufacturer "for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity." *Id.* 9:2800.54(A). The

statute further limits recovery for damage resulting from "unreasonably dangerous" characteristics to four theories of liability: (1) unreasonably dangerous in construction or composition;[22] (2) unreasonably dangerous in design;[23] (3) unreasonably dangerous for failure to provide an adequate warning;[24] and (4) unreasonably dangerous for nonconformity to an express warranty.[25] *Id.* 9:2800.54(B). The unreasonably dangerous characteristic "must exist at the time the product left the control of its manufacturer." *Id.* 9:2800.54(C). The plaintiff bears the burden of proving each of these elements of an LPLA claim. *Id.* 9:2800.54(D); *see also Johnson v. Transwood, Inc.*, 2015 WL 5680369, at *3 (M.D. La. Sept. 25, 2015) (an unreasonably dangerous condition is not presumed solely because an injury occurred).

### 1. Unreasonably Dangerous in Construction or Composition

"A product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer." La. R.S. 9:2800.55. "Accordingly, a claimant must demonstrate not only what a manufacturer's specifications or performance standards are for a particular product, but how the product in question materially deviated from those standards so as to render it 'unreasonably dangerous.'" *Welch v. Technotrim, Inc.*, 778 So. 2d 728, 733 (La. App. 2001) (citations omitted).

---

[22] *See* La. R.S. 9:2800.55.
[23] *See id*. 9:2800.56.
[24] *See id.* 9:2800.57.
[25] *See id.* 9:2800.58.

### 2. Unreasonably Dangerous in Design

Section 9:2800.56 of the LPLA defines a product that is "unreasonably dangerous in design" as one that "if, at the time the product left its manufacturer's control," the following elements are met:

> (1) There existed an alternative design for the product that was capable of preventing the claimant's damage; and
>
> (2) The likelihood that the product's design would cause the claimant's damage and the gravity of that damage outweighed the burden on the manufacturer of adopting such alternative design and the adverse effect, if any, of such alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users and handlers of the product.

A plaintiff must prove "that an alternative design existed" at the time the product was manufactured and perform a risk-utility analysis whereby "the risk avoided by using the alternative design (magnitude of damage discounted by the likelihood of its occurrence) would have exceeded the burden of switching to the alternative design (added construction costs and loss of product utility)." *Roman v. W. Mfg., Inc.*, 691 F.3d 686, 701 (5th Cir. 2012) (quotation marks and citation omitted). The proposed alternative design "must be reasonably specific and not based on mere speculation." *Moore v. BASF Corp.*, 2012 WL 6025917, at *4 (E.D. La. Dec. 4, 2012) (citing *Seither v. Winnebago Indus., Inc.*, 853 So. 2d 37, 41 (La. App. 2003)).

### 3. Unreasonably Dangerous because of Inadequate Warning

Under the third theory of LPLA liability, a manufacturer must exercise reasonable care to give an adequate warning for a product that "possessed a characteristic that may cause damage" at the time the product leaves its manufacturer's control. A manufacturer is liable for failure to exercise reasonable care in providing an adequate warning of the characteristic and its danger to users and handlers of the product. La. R.S. 9:2800.57(A). A manufacturer has a continuing duty

8

to provide an adequate warning after the product leaves its control when the manufacturer obtains actual knowledge about "a characteristic of the product that may cause damage and the danger of such characteristic, or who would have acquired such knowledge had he acted as a reasonably prudent manufacturer." *Id.* 9:2800.57(C). However, a manufacturer is not liable for failing to provide an adequate warning when:

> (1) The product is not dangerous to an extent beyond that which would be contemplated by the ordinary user or handler of the product, with the ordinary knowledge common to the community as to the product's characteristics; or
>
> (2) The user or handler of the product already knows or reasonably should be expected to know of the characteristic of the product that may cause damage and the danger of such characteristic.

*Id.* 9:2800.57(B).

To prevail on an inadequate warning claim, a plaintiff must not only show that the warning provided was inadequate but also propose "an adequate warning which if provided 'would lead an ordinary reasonable user or handler of a product to contemplate the danger in using or handling the product in such a manner as to avoid the danger for which the claim was made.'" *Seither*, 853 So. 2d at 42 (quoting the definition of "adequate warning" set out in La. R.S. 9:2800.53(9)) (dismissing plaintiff's inadequate warning claim where plaintiff presented no expert testimony concerning warnings or any language of a proposed adequate warning). Additionally, a plaintiff must demonstrate that the unreasonably dangerous condition which gives rise to the need for the warning existed at the time the product left the control of its manufacturer or resulted from a reasonably anticipated alteration or modification of the product. La. R.S. 9:2800.54(C).

### 4. **Unreasonably dangerous because of nonconformity to express warranty**

Section 9:2800.58 of the LPLA defines a product as unreasonably dangerous "when it does not conform to an express warranty made at any time by the manufacturer about the product if the

9

express warranty has induced the claimant or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue."

### C. Pleading an LPLA Claim

With respect to properly pleading an LPLA claim, the Fifth Circuit has stated that "the question at the motion to dismiss stage is not whether [the plaintiff] has *proven* the elements to succeed on a products liability claim, or even whether he has made 'detailed factual allegations'"; rather, "[t]he question is whether [the plaintiff] has plausibly alleged enough information that, *with discovery,* he could prove the [m]anufacturing [d]efendants are liable under the LPLA." *Flagg v. Stryker Corp.*, 647 F. App'x 314, 319 (5th Cir. 2016) (citations omitted) (emphasis in original). Requiring plaintiffs "to plead extremely 'detailed factual allegations' that satisfy each element of a products liability action under the LPLA creates a situation where a manufacturer will not be held liable for defective products because it has sole possession of the necessary document to ultimately prove the claim." *Id.* at 317-18 (citations omitted).

In this case, though, the Third-Party Plaintiffs' complaint does not include any factual detail to support any of the LPLA theories of recovery, other than that the recreational vessel was unreasonably dangerous in design because of the placement of the light.[26] Third-Party Plaintiffs add some factual details in their memorandum in opposition to the motion to dismiss.[27] However, that gesture does not satisfy the requirement that the complaint adequately allege the claims. Third-Party Plaintiffs must allege "sufficient information to 'raise a reasonable expectation that discovery will reveal evidence' to support the [m]anufacturing [d]efendants' liability" on the LPLA claim and its elements. *Id.* at 317 (quoting *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008)). Because both Third-Party Plaintiffs and Third-Party Defendants suggest that

---

[26] R. Doc. 176 at 7-8.
[27] R. Doc. 179 at 5-7.

amendment of the third-party complaint to allege further factual detail is warranted, the motion to dismiss is DENIED, and the motion for a more definite statement is GRANTED. Further, Third-Party Plaintiffs have fourteen days in which to file a superseding amended third-party complaint that alleges more fully factual details to support their LPLA claim.

### D. Redhibition

Under Louisiana law, sellers impliedly warrant buyers against redhibitory defects, or vices, in the thing sold. La. Civ. Code art. 2520. A seller is liable to a buyer for a redhibitory defect when: (1) the seller sold a thing that is either absolutely useless for its intended purpose or its use is so inconvenient or imperfect that had the reasonable buyer known of the defect, he or she would not have purchased it; (2) the thing sold contained a non-apparent defect at the time of sale; and (3) the seller was afforded an opportunity to repair the defect. *See, e.g., Ford Motor Credit v. Laing*, 705 So. 2d 1283, 1285 (La. App. 1998); *Jackson v. Slidell Nissan,* 693 So. 2d 1257, 1262 (La. App. 1997). A buyer has a duty to reasonably inspect the item for defects. *See, e.g., Crow v. Laurie,* 729 So. 2d 703, 707-08 (La. App. 1999) (citing *Pursell v. Kelly*, 152 So. 2d 36, 41 (La. 1963)). Whether an inspection is reasonable depends on the facts of the case, including such factors as the knowledge and expertise of the buyer, the opportunity for inspection, and the assurances made by the seller. *See Merlin v. Fuselier Constr., Inc.,* 789 So. 2d 710, 715 (La. App. 2001); *see also Lemaire v. Breaux,* 788 So. 2d 498, 501 (La. App. 2001) (requiring the buyer to conduct an investigation "as would be conducted by a reasonably prudent buyer acting under similar circumstances").

Third-Party Plaintiffs allege a redhibition claim against Third-Party Defendants which they tendered to Toups, as owner of the recreational vessel, under Rule 14(c). They allege the elements

11

of the cause of action without including any specific facts supporting those elements.[28] Further, Third-Party Plaintiffs allege that they and the claimants in the limitation actions are entitled "to all recoverable damages, including damage to and loss of use of the products, the purchase price plus interest, consequential damages, attorneys' fees, and any other recoverable damage."[29]

However, as the exclusive remedy for damages caused by a product, the LPLA preserves redhibition claims "only to the extent the claimant seeks to recover the value of the product or other economic loss." *De Atley v. Victoria's Secret Catalogue, LLC*, 876 So. 2d 112, 115 (La. App. 2004); *see also NAZ, LLC v. Philips Healthcare*, 2018 WL 5847862, at *7 (E.D. La. Nov. 18, 2018) (discussing the LPLA's preclusive effect on a redhibition claim, and stating "a plaintiff must bring an action under the LPLA to recover all damages caused by a product, except for damage to the product itself and economic loss sought under the Chapter 9 Redhibition articles"). Thus, Toups', and by extension, Third-Party Plaintiffs' potential recovery on the redhibition claim is limited to the value of the product and economic loss sought under the Chapter 9 Redhibition articles.

Because both Third-Party Plaintiffs and Third-Party Defendants suggest that amendment of the third-party complaint to allege further factual detail is also warranted as to the redhibition claim, the motion to dismiss is DENIED, and the motion for a more definite statement is GRANTED. Further, Third-Party Plaintiffs have fourteen days in which to file a superseding amended third-party complaint that alleges more fully factual details to support their redhibition claim.

---

[28] R. Doc. 176 at 8-9.
[29] *Id.* at 9.

## IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Third-Party Defendants' motion to dismiss is DENIED, and the motion for a more definite statement is GRANTED. Third-Party Plaintiffs have fourteen days in which to file a superseding amended third-party complaint that alleges more fully factual details to support their claims.

New Orleans, Louisiana, this 19th day of June, 2019.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE