# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF CROSBY MARINE
TRANSPORTATION, LLC AND CROSBY
TUGS, LLC, AS THE OWNERS AND OWNERS
PRO HAC VIE OF THE M/V DELTA DUK AND
HER CARGO, ENGINES, TACKEL GEAR
APPURTENANCES, ETC, IN REM; AND
BERTUCCI CONTRACTING COMPANY,
LCLC, AS THE OWNERS AND OWNERS
PROHAC VICE OF THE BARGE BBL 708 AND
HER CARGO, ENGINES TACKLE, GEAR
APPURTENANCES, ETC.  *IN EWM*
PETITIONING FOR EXONERATION FROM
AND/OR LIMITATION OF LIABILITY

CIVIL ACTION

NO: 17-14023 c/w
18-04136

SECTION: "M" (4)

## ORDER

Before the Court is a **Motion to Compel Blank Medical Authorizations  (Rec. Doc. 209)**
filed by Atlantic Specialty Insurance Company, Markel American Insurance Company, State
National Insurance Company, Navigators Insurance Company, United States Fire Insurance
Company, Mitsui Sumitomo Insurance Company of America, Swiss Re International SE, the
Certain Underwriters at Lloyds Syndicates; 1206 ATL, 1897 SKD, 1183 TAL, 2007 NVA, 0382
HDU, 1274 AUL, 0510 KLN, 1861 ATL, 1967 WRB, 0780 ADV, 1225 AES, 0033 HIS
(collectively hereinafter referred to as "Underwriters").  Parties move this Court for an order
requiring the signing of blank medical authorizations.  The medical authorizations are from doctors
and facilities who possess medical records associated with the medical care of both Anna Clark
("Clark") and Samantha Randle ("Randle"). The motion is opposed. Rec. doc. 211

1

## I.    <u>Background</u>

On November 19, 2017, Samantha Randle and Anna Clark were two of the passengers in a vessel speeding through Bayou Segnette en route to a late night rendezvous at the fishing camp of the vessel's operator, Chad Williams ("Williams"). (Rec. Doc. 8). "Williams, while under the influence of alcohol, negligently hit the Barge BBL708 causing severe injuries to and the death of Samantha Randle … and severe and permanent injuries to claimant/plaintiff, Anna Clark." (Rec. Doc. 8, at para. 13).

On May 2, 2019, Underwriters sent Requests for Production to Kathy Randle and Clark requesting that they execute various authorizations. (See May 2, 2019 correspondence transmitting discovery to all parties, Exhibit 1). Counsel for Clark and Randle (collectively referred to as "Plaintiffs") responded that he would have his clients "sign some authorizations" on two conditions: 1) that Underwriters provide medical authorizations made out to specific medical providers; and 2) that Underwriters agree in writing to provide a copy of all documents received within 72 hours of receipt. (See May 2, 2019 correspondence from Mr. Chopin, Exhibit 2).

In response, counsel for the mover sent a decision from Magistrate Judge Daniel Knowles requiring the execution of blank medical authorizations and requesting a Rule 37.1 Conference should the Plaintiffs still refuse to sign blank medical authorizations. (See May 2, 2019 correspondence from Mr. Crouch, Exhibit 3). Under separate cover, counsel for the mover confirmed that it agreed with condition number 2 and that all documents would be produced within 72 hours of receipt. (See May 2, 2019 correspondence from Mr. Kenney, Exhibit 4). As no further response was received from Plaintiff's counsel, a Rule 37.1 Conference was held on May 7, 2019. The issue was not resolved leading to the filing of this Motion to Compel.

Randle and Clark ("R & C") contend that they have been deposed at length and the identities of all health care providers have been disclosed. They contend that they have executed numerous authorizations requested by counsel for Underwriters, Crosby Marine Transportation, L.L.C., Crosby Tugs, L.L.C., Bertucci Contracting Company, L.L.C., and Crosby Dredging, L.L.C., Chris Carter and Derek Hebert. R & C contend that there have been medical records produced in response to these authorizations and that Underwriters now seek blank medical authorizations for the blanket, overly broad authorizations not in compliance with the Federal Rules of Civil Procedure.

## II.    <u>Standard of Review</u>

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.  Rule 26(b)(2)(C).  In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues.  *Id.* at 26(b)(2)(C)(iii).

Rule 34 provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained."  *Id.* at 34(a)(1)(A).  This request "must describe with reasonable particularity each item or category of items to be inspected."  *Id.* at (b)(1)(A).  "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons."  *Id.* at (b)(2)(B).  Rule 34 provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served."  *Id.* at 34(b)(2)(A).

### III.    <u>Analysis</u>

The movers contend that Plaintiffs have asserted claims for personal injury against multiple parties, thereby putting their physical condition at issue under *Schlagenhauf* and *Lischk*a such that they contend that R & C's medical records are discoverable.  They, therefore contend that their medical records are discoverable.  They suggest that the refusal to sign "blank" or "blanket" authorizations is unsupported and contrary to law.

R & C contends that Rule 34 does not permit a party, or the Court, to compel another party to sign a release.  R & C contends that a party cannot be compelled to produce records sought by the requesting party that are not within the responding party's possession, custody, or control relying upon *U.S. Equal Opportunity Commission v. Resources for Human Development, Inc.* ,

10-3322, 2011 Wl 3841066, at*1 ( E.D. La. Aug. 31. 2011).  R & C contend that the *Thai* and *Sinegal* cases cited by Underwriters are distinguishable from the present case, and as the court in Thai stated, "each case is unique and must be decided on its own facts."  R & C contends that neither of those cases addressed the medical treatment of a deceased plaintiff, and in the *Thai* case, plaintiff provided no authorizations to allow the other parties to obtain medical records.

Movers rely upon *Lischka v. Tidewaters Services,* 1997 WL F.2d 477, 481-482 ( 5th Cir. 1982) for the proposition that the Court pursuant to  Rule 34  has the power to explicitly or implicitly compel parties to sign written authorizations consenting to production of various documents.   Additionally, movers contend that compelling the execution of authorizations for the release of both medical and employment records.  The movers, however seek to extend the application of these cases to a decedent.  Further, movers seem to ignore the fact specific authorizations have been executed and returns on those authorizations have been made to them. They seem to ignore this salient fact.

Unlike in the *Lischka* case, R& C have objected to the request noting it is overbroad and seemingly redundant because of the execution of specific authorizations for which the movers have received returns.  They also point to Judge Wilkinson's *United States EEOC v. Res. For Human Dev., In*., 2011 U.S. Dist. Lexis (E.D. La. Aug. 31, 2011) case denying the request to compel the plaintiff to execute blank authorizations.

In considering the line of cases presented by the parties, the Court finds that the cases are distinguishable.  The movers' cases only address whether the court can compel the execution of completed medical authorizations, not blank authorizations to be completed by the movers and sent out.  This Court agrees with the opinion of my colleague Judge Wilkinson.  R & C cannot be deemed in possession and control over authorizations that are not directed to any particular

5

provider.  None of the cases cited by the movers are squarely on point and their position amounts to a fishing expedition, which is not condoned.  Additionally, the movers fail to address the fact that they are in possession of medical records of the decedent and nor do they point out which medical records from a particular medical provider.

IV.    **Conclusion**

Accordingly,

**IT IS ORDERED** that Atlantic Specialty Insurance Company, Markel American Insurance Company, State National Insurance Company, Navigators Insurance Company, United States Fire Insurance Company, Mitsui Sumitomo Insurance Company of America, Swiss Re International SE, the Certain Underwriters at Lloyds Syndicates; 1206 ATL, 1897 SKD, 1183 TAL, 2007 NVA, 0382 HDU, 1274 AUL, 0510 KLN, 1861 ATL, 1967 WRB, 0780 ADV, 1225 AES, 0033 HIS (collectively hereinafter referred to as "Underwriters")'s **Motion to Compel Blank Medical Authorizations  (Rec. Doc. 209)** is **DENIED**.

New Orleans, Louisiana, this 1st day of July 2019

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**